IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILLIAM ALLEN WHITLOW,
     Plaintiff,

vs.                          Case No.: 3:16cv470/LAC/EMT

W.D. RUMMEL, et al.,
     Defendants.
_____/

## <u>ORDER, REPORT AND RECOMMENDATION</u>

This cause is before the court on Plaintiff's civil rights complaint filed on September 20, 2016, pursuant to 42 U.S.C. § 1983 (ECF No. 1), and motion seeking leave to proceed in forma pauperis (ECF No. 2).  For the limited purposes of this Report and Recommendation, leave to proceed in forma pauperis will be granted.

Because Plaintiff is a prisoner seeking to proceed in forma pauperis, the court is required to dismiss the complaint if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B). Upon review of the complaint, the court finds this case should be dismissed as malicious.

Section IV of the complaint form requires Plaintiff to disclose information regarding prior civil cases he filed in state and federal court (ECF No. 1 at 4–5).

Question C of Section IV asks, "Have you initiated other actions (besides those listed above in Questions (A) and (B)) in either state or federal court that relate to the fact or manner of your incarceration (***including habeas corpus petitions***) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (*id*. at 4) (emphasis supplied).   Plaintiff answered "yes" to this question and identified one case, which he could not identify by case name or number, perhaps owing to the fact that he had either recently filed it or was about to file it.   Plaintiff indicates it is a case involving excessive force allegedly used against him.   Plaintiff identifies no other cases in answer to this question or to any of the other questions on the complaint form regarding previous lawsuits (*see id.* at 3–4).

Thus, Plaintiff in effect has stated that, aside from the one case he identified in Question C, he has never initiated any actions in either state or federal court that related to the fact or manner of his incarceration or the conditions of his confinement, including habeas corpus petitions.

At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "**I DECLARE UNDER PENALTY OF PERJURY**

**THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT**" (ECF No. 1 at 9).

As routinely recognized by this court, the information from Section IV of the form is useful to the court in many ways:

> . . . it allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

Spires v. Taylor, Order of Dismissal, Case No. 3:00cv249-RH (N.D. Fla. Oct. 27, 2000). Further, since prisoner plaintiffs generally proceed pro se, the information helps the court determine their litigation experience and familiarity with the legal terrain of the current action. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the dispositions of those cases, can be considerable.[1]

---

[1] "[T]he task of counting strikes involves more than sophomoric arithmetic. Courts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders of dismissals and, if so, whether the reason for the dismissals were frivolousness, mailciousness or failure to state a claim upon which relief may be granted." Rivera v. Allin, 144 F.3d 719, 726 (11th Cir. 1998) (citing 28 U.S.C.A. § 1915(g)), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007).

Upon review of the docket, this court takes judicial notice that, as of the date

Plaintiff filed his complaint, he had previously filed several cases in the Middle

District of Florida:

• <u>Whitlow v. Secretary, Department of Corrections</u>, Case No. 8:14-cv-00894-EAK-TGW, filed April 15, 2014.

• <u>In Re: William Allen Whitlow</u>, Case No. 8:16-mc-00042-VMC-MAP, filed April 11, 2016.

• <u>Whitlow v. Secretary, Department of Corrections</u>, Case No. 8:16-cv-01442-EAK-JSS, filed June 6, 2016.

• <u>Whitlow v. Fliesher</u>, Case No. 8:16-mc-00087-VMC-TGW, filed July 15, 2016.

• <u>Whitlow v. Secretary, Department of Corrections</u>, Case No. 8:16-cv-02097-SDM-MAP, filed July 21, 2016.

• <u>Whitlow v. United States of America</u>, Case No. 8:16-cv-02286-CEH-TBM, filed August 9, 2016.

• <u>Whitlow v. Secretary, Department of Corrections</u>, Case No. 8:16-cv-02694-MSS-JSS, filed September 19, 2016.

Cursory review reveals that most, if not all, of these previously filed cases are

habeas corpus cases challenging the fact or duration of Plaintiff's confinement in the

Florida Department of Corrections.  In his answer to Question C of Section IV the

complaint form, Plaintiff failed to identify any of these cases, despite the fact that

habeas corpus actions are expressly identified as the type of federal action that was responsive to Question C and therefore should have been identified.[2]

The court additionally notes that Plaintiff filed two cases in this court at virtually the same time as the instant case.  Whitlow v. Samples, 5:16-cv-00263-MMP-GRJ, filed September 22, 2016 in the Panama City Division of this court, appears to be the case that Plaintiff identified in his answer to Question C as discussed above, as it concerns an alleged assault by a prison guard, including the usage of handcuffs, restraints, and chemical agents.  Whitlow v. Coker, 3:16-cv-00471-RV-CJK, which was filed September 20, 2016, the same day the instant case was filed but not disclosed by Plaintiff,[3]  makes claims that Plaintiff was forced to cut his hair and nails and was placed into close management status and given a "loaf diet."  In the current case before the court, Plaintiff claims that he was punched in the face by another inmate and that he was provided insufficient dental care for his injuries in violation of the Eighth Amendment.

---

[2] In this previous case, the inmate number of the plaintiff is identified as #513215, which Plaintiff identifies as his in the instant action.

[3] Thus, the court is aware that Whitlow v. Coker may not be a previously filed case. Moreover, because prisoner plaintiffs file their complaints by mail, this may result in skewed delivery times to the clerk of court.

The court has authority to control and manage matters such as this pending before it, and Plaintiff's pro se status does not excuse him from conforming to acceptable standards in approaching the court.  If the court cannot rely on the statements or responses made by the parties, the quality of justice is threatened.  The court will not tolerate false responses or statements in any pleading or motion filed before it.  Here, Plaintiff falsely responded to questions on the complaint form, as detailed above.  Plaintiff knew, or from reading the complaint form should have known, that disclosure of his prior actions was required and that dismissal of the action may result from his untruthful answers.[4]  If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants.  Therefore, this court should not allow Plaintiff's false responses to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses

---

[4] Indeed, section IV of the complaint form includes the following notice:  "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (*see* ECF No. 1 at 3) (emphasis and capitalization in original).

is to dismiss this cause <u>without prejudice</u>.[5]  *See*, *e.g.*, <u>Hanson v. McCaul</u>, No. 4:09cv126-SPM/WCS, 2009 WL 3010481, at \*\*1–2 (N.D. Fla. Sept. 16, 2009) (dismissing case without prejudice for prisoner plaintiff's failure to disclose two federal cases (both of which were previously dismissed for failure to comply with court orders) on complaint form which required prisoner litigants to list all other cases that plaintiff had previously initiated in state and federal court); <u>Thomas v. Ammons</u>, No. CV409-139, 2009 WL 5174109, at \*\*1–3 (S.D. Ga. Dec. 23, 2009) (dismissing case without prejudice for prisoner plaintiff's failure to disclose four federal cases (two of which were previously dismissed for failure to comply with court orders and the other two were previously voluntarily dismissed by plaintiff) on complaint form which demanded litigation information regarding "any lawsuits brought in federal court . . .").  Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions.  *See* <u>Warren v. Guelker</u>, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

---

[5] Dismissal without prejudice is not too severe a sanction under these circumstances. Plaintiff is free to re-file if he so chooses. *See* Order of Dismissal, <u>Spires</u>, No. 3:00cv249-RH (N.D. Fla. Oct. 27, 2000).

Accordingly, it is hereby **ORDERED:**

Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is **GRANTED**.

Further, it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED WITHOUT PREJUDICE** pursuant to 28

U.S.C. § 1915(e)(2)(B)(i) as malicious.

At Pensacola, Florida, this 27th day of September 2016.


/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.